# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2007

Charles R. Fulbruge III
Clerk

No. 07-30240
Summary Calendar

WESLEY ALDEN, MD, doing business as Crescent City Property Services,

Plaintiff-Appellant,

v.

NEW ORLEANS REDEVELOPMENT AUTHORITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
Case No. 2:06-CV-273

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

W. Wesley Alden, M.D. ("Alden" or "Appellant") brought this action against the New Orleans Redevelopment Authority ("NORA" or "Appellee") under 42 U.S.C. § 1983, seeking to remedy a deprivation of his constitutional right to due process, amongst other rights. He appeals the district court's dismissal of his suit for lack of subject matter jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On November 16, 2001, Alden purchased the property located at 5019-21 LaSalle Street ("the Property") at a tax sale conducted by the City of New Orleans. Alden, however, did not record the tax sale deed until March 25, 2002. On November 26, 2001, NORA filed a petition in state court to expropriate the Property, naming the former owner, Elmer Lucas (and/or his succession), as defendant. Alden was neither named as a defendant nor served with notice of the expropriation action. On December 5, 2001, Alden notified NORA of his purchase of the property and his intention to renovate it. NORA responded that it would continue with its expropriation until it found work in progress on the Property.[1]

At the expropriation trial on February 7, 2002, Alden appeared and was represented by counsel. Alden's attorney requested a continuance, and the trial court denied this request. At the close of the one-day trial, the trial court orally rendered judgment of expropriation in favor of NORA. On March 15, 2002, the court signed a written expropriation judgment transferring title of the Property to NORA free and clear of any taxes, liens, mortgages, and encumbrances.

Alden sought relief by filing a third party appeal, primarily arguing that the judgment was an absolute nullity because it was rendered against him as a non-party and because he was an indispensable party who was not joined. The Louisiana Fourth Circuit Court of Appeal affirmed the expropriation judgment, finding that, due to Alden's failure "to obtain the tax deed and timely record it prior to the judgment of expropriation," he had "no legally protected interest in the property" and, therefore, "was not an indispensable party." New Orleans Redev. Auth. v. Lucas, 2002-1546 (La. App. 4 Cir. 2/12/03), 838 So. 2d 946 (unpub.), writ denied, 847 So. 2d 1278 (La. 2003).

---

[1] Despite this exchange, Alden alleges that NORA did not advise him that an expropriation petition had been filed until February 6, 2002, the day before the expropriation trial.

Additionally, Alden filed a petition in state court to annul the expropriation judgment, alleging that the judgment was a nullity for substantially the same reasons as in the third party appeal. NORA filed exceptions of no right of action and no cause of action, which the trial court sustained. The Fourth Circuit affirmed, holding that the expropriation judgment had already been affirmed on appeal and that its prior determination that Alden had no interest in the property was "the law of the case."[2] New Orleans Redev. Auth. v. Lucas, 881 So. 2d 1246, 1252, 1256-57 (La. Ct. App. 2004), writ denied, 893 So. 2d 75 (La. 2005).

Alden then filed this § 1983 action against NORA in the district court. Alden filed a motion for partial summary judgment, and, in its response, NORA contended that Alden's claims lacked subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. The district court agreed, and Alden now appeals.

Having examined the arguments of the parties, the record, and the state court proceedings, we find that the district court did not commit error in dismissing this case.

AFFIRMED.

---

[2] In finding that Louisiana's law of the case doctrine applied, the Fourth Circuit determined that because of Alden's participation in the state court proceedings, Alden was "party" to those proceedings and considered his argument to the contrary "disingenuous." New Orleans Redev. Auth. v. Lucas, 881 So. 2d 1246, 1252, 1255 (La. Ct. App. 2004).